UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EBERTO MARTINEZ GONZALEZ,

v.  Case No. 8:04-cr-335-T-17MSS
8:07-cv-825-T-17MSS

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Gonzalez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-1; cr-343).

Procedural Background

In August 2004, a grand jury in the Middle District of Florida returned an indictment charging Eberto Martinez-Gonzales, and others, with possessing with intent to distribute at least five kilograms of cocaine while on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a) & (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to do the same, in violation of 46 U.S.C. app. § 1903(a), (g), & (j) and 21 U.S.C. § 960 (b)(1)(B)(ii). Doc. cr-1. Martinez-Gonzales pleaded guilty as charged without the benefit of a written plea agreement. Doc. cr-171.

During the change of plea hearing,  the Court addressed the charges in great detail with Martinez-Gonzales who was assisted by an interpreter. Doc. cr-188 at 3, 22-24. Specifically, the court addressed the charges again him (Doc. cr-188 at 22-23); the elements of the offenses (Id. at 29-35); the penalties (Id. 23-24) and the factual basis necessary to prove the charges, including that the defendant was subject to the jurisdiction of the United States. Id. at 30-32.  At the conclusion of the hearing, the court found that

Martinez-Gonzales was competent, that his plea was knowing, intelligent and voluntary, and that it was adequately supported by a sufficient factual basis. Id. at 43. The district court accepted the Magistrate's Report and Recommendation and adjudicated Martinez-Gonzales guilty of Counts One and Two of the Indictment. Docs. cr-142 and cr-171.

On April 29, 2005, the district court sentenced him to 135 months imprisonment as to each of counts One and Two to run concurrently with credit for time served to be followed by five years of supervised release. Doc. cr-200, cr-206.

Martinez-Gonzales appealed the court's denial of his request for a mitigating role and argued that his sentence was unreasonable. Doc. cr-325 at 3-8. See Martinez-Gonzales' appeal brief attached as Exhibit 1 and the Government's Brief attached as Exhibit 2 to the Government's response (Doc. No. 6)

On March 30, 2006, the Eleventh Circuit Court of Appeals affirmed Martinez-Gonzales' sentence finding no reversible error in the district court's denial of a mitigating role reduction or in the sentence imposed. Doc. cr-325. On May 14, 2007, Martinez-Gonzales filed a timely 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence without a memorandum of law. Doc. cv-1. In his motion to vacate, Martinez-Gonzales claims his counsel was ineffective for the following reasons:

    a. Inability to communicate with counsel colored each stage of the case. (Ground One). Doc. cv-1 at 5.

    b. Attorney failed to consider the rampant jurisdictional issue inherent in an arrest in international waters of a foreign nation. Counsel failed to raise the jurisdictional issue at any time of the criminal process. (Grounds One and Two). Doc. cv-1 at 5-6.

    c. Attorney failed to present any pretrial motions, failed to request an evidentiary hearing, failed to explain at any time the elements of the crime charged, thereby rendering moot petitioner's ability to mount an participate

in his own defense. (Ground Three). Doc. cv-1 at 8.

    d. Attorney failed to request a downward departure for a "hard Pretrial imprisonment and deportation," failed to contact the Colombian Embassy, failed to request a "minimum mandatory" sentence, failed to object to the misapplication of the safety valve, and other issues that are not in the record. (Ground Four) Doc. cv-1 at 9.

<center>Factual Background</center>

In July 2004, a United States Coast Guard helicopter spotted a 40-foot "go-fast" boat in the western Caribbean Sea. PSR ¶ 8. Coast Guard personnel observed eight people on board as well as bales and 55-gallon fuel drums. Id. Upon sighting the helicopter, the crew of the "go-fast" jettisoned about thirty bales as well as their clothing. Id. Coast Guard personnel recovered sixteen of the jettisoned bales, each of which contained twenty kilograms of cocaine. Id. ¶ 9. They arrested all eight crewmen of the of "go-fast," including Martinez-Gonzales. Id. One of the other crewmen claimed to be the captain or master of the boat. Id.

The United States Probation Office recommended that the district court not adjust Martinez- Gonzales' guidelines offense level for any relative role in the offense. PSR ¶ 20. At sentencing, Martinez-Gonzales objected, arguing that the court should reduce his guidelines range pursuant to USSG §3B1.1 for a mitigating role (and, consequently, additionally reduce his range pursuant to USSG §2D1.1(b)(7) and consider him eligible for a sentence beneath the statutory maximum pursuant to USSG §5C1.1). Doc. cr-257 at 11. Martinez-Gonzales' counsel asserted that Martinez-Gonzales necessarily had played such a role because "[t]here are numerous other people involved that were not indicted," and because Martinez-Gonzales "didn't sell the drugs, didn't weigh them, didn't package them, didn't buy them; he didn't have anything to do with making a profit from it." Doc. cr-257 at

<center>3</center>

13. The court overruled the objection. Doc. Id. at 13-14.

After calculating Martinez-Gonzales' guidelines range, the court asked defense counsel if Martinez-Gonzales wished to give any statement or present any evidence in mitigation. Doc. cr-257 at 16. Counsel asked the court to "consider [Martinez-Gonzales'] poverty in his country and his family that he needs to support." Doc. cr-257 at 16. Martinez-Gonzales declined to give a statement. Doc. cr-257 at 16. The court imposed a sentence equivalent to the low end of the guidelines range. Doc. cr-257 at 17. Martinez-Gonzales did not object to his ultimate sentence. Doc. cr-257.

## Discussion

### Grounds One, Two and Three -- Effectiveness of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of

professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

In his motion to vacate, Martinez-Gonzales lists numerous ways in which he believes his attorney allegedly was ineffective. Martinez-Gonzales' contentions in each case are negated by the record, or his statements constitute nothing more than broad conclusory allegations, or are otherwise insufficient.

**Ineffective Assistance of Counsel During Plea**

Martinez-Gonzales generally states, without any further explanation, facts or legal

arguments that his counsel was ineffective because he could not communicate with her; she failed to raise the government's lack of jurisdiction over a vessel in international waters during any of the criminal proceedings (Grounds One and Two - Doc. cv-1 at 5-6); she failed to present any pre-trial motions; failed to request an evidentiary hearing, and failed to explain at any time the elements of the crime charged. (Ground Three. Doc. cv-1 at 8).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial; however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.* Martinez-Gonzales' claims as listed

above are contradicted by the record or too broad to warrant a response.

As to Martinez-Gonzales' claim that he could not communicate with his lawyer, the record does not show if she spoke Spanish. However, the record does show that Martinez-Gonzales was assisted by an interpreter during the change of plea hearing and during his sentencing. Doc. cr-188 at 3, cr-257 at 3.  His counsel also had the Government's proposed plea agreement, which always contains the charges and the elements of the offense, translated for Martinez-Gonzales in order for him to determine whether to accept the agreement or plea straight up. Doc. cr-188 at 12. Both Martinez-Gonzales and his lawyer discussed the plea, the appeal waiver, and a variety of potential issues, including *Blakely v. Washington*, 542 U.S. 296 (2004) issues prior to deciding to plead straight up. Doc. cr-188 at 12-13. In addition, when the court questioned Martinez-Gonzales, under oath, regarding his counsel's performance, he stated he was satisfied.

> THE COURT: [A]re you satisfied with the legal representation that your lawyer has provided you? . . .
>
> MARTINEZ-GONZALES: Yes. . .
>
> THE COURT: Has the service that has been provided been to your satisfaction?
>
> MARTINEZ-GONZALES: Yes.
>
> THE COURT: Do you have any problems, questions, issues at all about your legal representation?
>
> MARTINEZ-GONZALES: Neither.

Doc. cr-188 at 11-12.  It is clear that Martinez-Gonzalez and his counsel were in fact communicating and discussing options, rendering this claim meritless.

Martinez-Gonzales' claim that his lawyer did not discuss the elements of the offense

7

has no merit. Even if the Court were to believe that counsel did not discuss the elements with Martinez-Gonzales, the Court must conclude that he read them when reviewing the translated proposed plea agreement. In addition, the court went over the elements of the offense in detail during the change of plea hearing.

> THE COURT: In addition to getting you to agree to enter a plea, the Government has to satisfy the Court independently that it could prove this charge or these charges against you if you were to go to trial. To do so, the Government has to meet certain proof elements. Those elements are set forth on the notice of essential elements filed in this case. They are as follows:
>
> With respect to Count One, the Government would have to prove that you knowingly and willfully possessed cocaine with the intent to distribute it; that the weight of the cocaine exceeded five kilograms, as charged; and in this case the Government would also be prepared to prove that you were on board a vessel subject to the jurisdiction of the United States.
>
> With respect to Count Two, the government would have to prove that two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment – and again, the unlawful plan was the possession with intent to distribute of in excess of five kilograms of cocaine – and that you knew the unlawful purpose of that plan and

> willfully joined in it.
>
> The Government also would be prepared to prove that the conspiracy related to you while on board ad vessel subject to the jurisdiction of the United States.

Doc. cr-188 at 29-30.

Shortly after the court reviewed the elements of the offense with Martinez-Gonzales, he agreed to the factual basis as proffered by the government, including that the vessel he was in was subject to the jurisdiction of the United States, and agreed that with those facts the Government would have enough evidence to prove the elements of the offense which were previously read from the notice of essential elements. Doc. cr-188 at 35.

So even if the Court were to believe that counsel did not discuss the elements of the offense with him, he was properly instructed by the Court. This claim also lacks merit.

As to Martinez-Gonzales' jurisdictional claims, his lawyer did not perform deficiently by failing to litigate that the Government or the court did not have jurisdiction over the vessel he was in, because this claim lacks merit. Counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986).

Even if the jurisdictional claim had been raised in the district court or on direct appeal it would have been rejected. The law in this circuit regarding jurisdictional and constitutional challenges to the Maritime Drug Law Enforcement Act (MDLEA) has already been resolved

and is governed by *United States v. Tinoco*, 304 F.3d 1088, 1096-1102 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003). *See also United States v. Rendon*, 354 F.3d 1320, 1326-28 (11th Cir. 2003); *United States v. Estupinan*, 453 F.3d 1336 (11th Cir. 2006).

As to Martinez-Gonzales' other claims that his lawyer did not file pre-trial motions and failed to request an evidentiary hearing, he fails to provide any details, facts or legal basis for these claims. His assertions constitute nothing more than broad conclusory allegations and are insufficient to establish ineffective performance and/or resulting prejudice. Claims not fairly raised will not be entertained on collateral attack. *United States v. Jones, 614 F.2d 80* (5th Cir. 1980); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. *Walker*, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

The record clearly shows that Martinez-Gonzales' lawyer met her obligations as applied to the plea process and required by *Strickland* and *Hill*. Martinez-Gonzales has failed to show any deficient performance in Grounds One, Two and Three or any resulting prejudice.

**Ineffective Assistance of Counsel at Sentencing**

Martinez-Gonzales generally asserts without any explanation, facts or legal argument that his counsel was ineffective during sentencing because she failed to request a downward departure for "hard Pre-Trial imprisonment and deportation"; failed to contact the Colombian Embassy; failed to request for a minimum mandatory sentence; and failed

to object to a misapplication of the safety valve and others issues that are not in the record. Doc. cv-1 at 9.

These allegations are frivolous, vague, without any factual or legal basis and facially insufficient to merit any relief. As to Martinez-Gonzales' claims of misapplication of the safety valve and failure to request a minimum mandatory sentence, the record shows that Martinez-Gonzales met the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5) allowing the court to impose a sentence in accordance with the sentencing guidelines without regard to the statutory mandatory minimum (PSR ¶ 58), which the court did by sentencing Martinez-Gonzales to the low end of the guidelines, 135 months (11 years, 3 months). PSR ¶ 59, Doc. cr-200, cr-206.

Martinez-Gonzales fails to raise adequately the remainder of his claims. He does not articulate what kind of departure his attorney did not argue and why she needed to contact the Colombian Embassy. Claims not fairly raised will not be entertained on collateral attack. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980); *Walker v. Dugger,* 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. *Walker*, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). These conclusory claims do not support an allegation of ineffective assistance of counsel.

The record is clear that prior to and during sentencing, counsel objected to various facts in the PSR, objected to the offense level computations and objected to probation's failure to award the defendant a mitigating role. Addendum to PSR at ¶¶ 1-4. In addition

Counsel filed a memorandum of law in support of her objections. Doc. cr-196. The Court overruled the objections and sentenced Martinez-Gonzales to the low end of the guidelines. See Doc. cr-257. Counsel followed with an appeal arguing that the court erred in denying her request for a minimal role and that Martinez-Gonzales' sentence was unreasonable. Doc. cr-325 at 2.

Throughout his motion to vacate, Martinez-Gonzales has failed to show any deficient performance by counsel or any resulting prejudice. As a result, he is not entitled to any relief.

Accordingly, the Court orders:

That Martinez-Gonzales' motion to vacate Doc. cv-1, cr-343 is denied. The Clerk is directed to enter judgment against Martinez-Gonzales in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Joseph K. Ruddy
Eberto Martinez Gonzales, pro se